## TOPKIS BROTHERS COMPANY
v.
### The UNITED STATES.
### No. 391–57.

United States Court of Claims.
March 7, 1962.

Samuel F. Schwag, Philadelphia, Pa., for plaintiff.

Edna P. Goldberg, Washington, D. C., with whom was Asst. Atty. Gen. William H. Orrick, Jr., for defendant.

JONES, Chief Judge.

The defendant in its motion for reconsideration and clarification expresses the fear that the wording of our opinion is such that it tends to create, at least by implication, a new cause of action.

We can see no plausible basis for this fear.

By the plain terms of the contracts the defendant undertook an obligation. Shining through the entire record, including the evidence, the findings of fact, and the recitals in the opinion, is overwhelming evidence that it failed to discharge that obligation. By no reason, logic, or wording of specifications should it be permitted to avoid carrying out an affirmative obligation clearly expressed in the contract.

Defendant agreed by the express terms of Article 29(a) to furnish property of a type "suitable for use" within the context of the contracts. Nonetheless, defendant in fact furnished property of a type which substantially delayed plaintiff's performance and increased its cost of production. Because of this, we held that the property was not of a type "suitable for use" within the intendment of Article 29(a). In our view, suitability is an additional obligation assumed by defendant, a primary obligation, and is determined by reference to the contract as a whole, and not by mere reference to the technical wording of the specifications only. If this were not true, the "suitable for use" clause would be without meaning.

We do not share defendant's conviction that we have thereby created a new cause of action. What we have done is make meaningful, and given effect to, a specific clause of the contract, a clause that was agreed upon by both parties when the contracts were entered into. The interpretation we have adopted is not "new," as defendant urges, but rather is in harmony with the interpretation adopted by the Armed Services Board of Contract Appeals in previous cases. We have indicated as much in our opinion.

Defendant's motion for reconsideration and clarification is overruled.

DARR, Senior District Judge, sitting by designation, and DURFEE, LARAMORE, and WHITAKER, Judges, concur.